**CAUDILL SEED AND WAREHOUSE COMPANY, INC., Plaintiff,**

v.

**PROPHET 21, INC., Defendant.**

**CIV. A. No. 00–3712.**

United States District Court, E.D. Pennsylvania.

Jan. 8, 2001.

Edward I. Swichar, Thomas H. Chiacchio, Jr., Blank Rome Comisky & McCauley LLP, Philadelphia, PA, for Plaintiff.

Ellen E. Farina, Buchanan Ingersoll, Philadelphia, PA, for Defendant.

## *MEMORANDUM*

REED, Senior District Judge.

Defendant Prophet 21, Inc., now brings a motion for reconsideration (Document No. 19) of this Court's decision to grant in part and deny in part its motion to dismiss. In that decision, the Court granted the motion to dismiss as to plaintiff's fraud claim, and denied the motion as to the claims for breach of warranty, breach of contract, and bad faith.

### *Breach of Express Warranty*

Prophet 21 argues that the Court erred in finding that plaintiff had stated a claim for breach of express warranty because plaintiff merely alleged that Prophet 21's software did not operate in conformity

with the "representations" made by Prophet 21, and the warranty clause requires only that the software at issue operate in conformity with the "Documentation." According to Prophet 21, plaintiff's failure to use the word "Documentation" should result in the dismissal of plaintiff's breach of warranty claim.

While I believe my ruling on the motion to dismiss was clear, I will further explain my conclusion that the language plaintiff used in the complaint was more than adequate to state a claim for relief. Black's Law Dictionary defines "representation" as

> Any conduct capable of being turned into a statement of fact. Statement of fact made to induce another to enter into contract.... A statement express or implied made by one contracting party to the other, before or at the time of making the contract, in regard to some past or existing fact, circumstance, or state of fact pertinent to the contract, which is influential in bringing about the agreement.

*Black's Law Dictionary* 1301 (6th ed. 1990). Among *Websters'* definitions of "representation" is the following: "a statement of fact incidental or collateral to a contract made orally or in writing and on the faith of which the contract is entered into." *Websters Third New International Dictionary* 1926 (1986). A glance at these definitions reveals two things: (1) "representation" is an appropriate term of art referencing information collateral to a contract; (2) the meaning of the word encompasses a broad range of statements and information related to contracts.

Drawing all inferences in favor of the plaintiff, there is no question that the term "representations" is an appropriate and meaningful term in the contractual context, and, more importantly, that the word "representations" is inclusive of any "documentation" provided by Prophet 21 to the plaintiff, including technical manuals, oleine documents, and other documents delivered with the software. In other words, plaintiff's use of the word "representations" is enough to encompass the language of the warranty in this case.

Because the Federal Rules of Civil Procedure operate under a notice pleading system, and "magic words" are rarely, if ever, required to state a claim, I conclude that the plaintiff's allegation that the software did not perform in a manner consistent with the representations of Prophet 21 is adequate to state a claim for breach of warranty, and that Prophet 21's motion for reconsideration is without merit and will be denied.

### Limitation on Liability Provision

■ Prophet 21 makes a similar "magic words" argument with respect to the limitation on liability clause, arguing that because plaintiff failed to specifically allege that the exclusive remedy clause "failed in its essential purpose," plaintiff may not seek any damages other than the repair or replace remedy provided by the contract.

Again, defendants demand far more of the complaint than the Federal Rules of Civil Procedure do. Plaintiff is not required to use the words "the exclusive remedy failed in its essential purpose" in its complaint; it need only plead facts from which the Court, reading the complaint in the light most favorable to the plaintiff, may infer that the exclusive remedy failed in its essential purpose. I concluded on the motion to dismiss that plaintiff has done so. Prophet 21's effort to persuade the Court otherwise consists of one conclusory sentence in its brief: "In light of the fact that the Amended Complaint does not properly allege failure of the essential purpose of the exclusive remedy, there is no reason to invoke section 2719(b)." Prophet 21 offers no alternative analysis of the language of the complaint, nor does it cite one case to support its contention; it is merely asking the Court to change its mind, which is not a proper basis for a motion for reconsideration. Therefore, I reaffirm my conclusion that plaintiff's claims for breach of contract, breach of

express warranty, and breach of good faith and fair dealing are not barred by the limitation on liability clause in the contract at issue here.

### Bad Faith Claim

■ Prophet 21 presents a final argument based on the recent decision of the Court of Appeals for the Third Circuit in *Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78 (3d Cir.2000).[1] There, the court of appeals held that under Pennsylvania law, "a party is not entitled to maintain an implied duty of good faith claim where the allegations of bad faith are 'identical to' a claim for 'relief under an established cause of action.'" *See id.*, at 91 (quoting *Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 701–02 (3d Cir.1993)). Noting that the parties had entered into comprehensive agreements, the court of appeals predicted in *Northview* that the Supreme Court of Pennsylvania "would not extend the limited duty to perform a contract in good faith to a situation such as that presented here in which the parties in great detail set forth their mutual obligations and rights in the [agreements]." *Id.* at 92. The court of appeals explained that the agreements, combined with legislative acts that specifically regulated the kinds of relationships the parties had entered into, counseled against allowing the plaintiff to proceed on a claim of breach of good faith and fair dealing, because the agreements provided plaintiff with the more reliable, established cause of action of breach of contract.

Does *Northview Motors* apply to this case? I believe that it does. Like in *Northview*, this case involves an agreement in which the parties have set forth their mutual rights and obligations in some detail. While plaintiff attempts to distinguish the bad faith count, and the bad faith count includes some additional allegations not contained in the breach of contract and warranty counts, a close reading of the amended complaint reveals that the allegations in the breach of good faith count closely track and, in some places, duplicate the language in the breach of warranty and breach of contract counts. There is no question that the bad faith count in this case is "based on the same set of facts" as, *see Northview Motors*, slip. op., at 92, and is nearly "identical to" the breach of contract claim, *see id.* at 91. Thus, I conclude that *Northview Motors* applies here, and that plaintiff may not proceed on its Count IV bad faith claims because those claims duplicate the allegations plaintiff has made in more specific, established causes of action.

Accordingly, the motion for reconsideration will be denied as the breach of warranty claim and as to the limitation on liability issue, and granted as to the claim for the breach of duty of good faith and fair dealing.

---

1. While plaintiff correctly notes that Prophet 21 could have, and should have, brought *Northview Motors* to the attention of the Court sooner, I do not believe the tardiness of Prophet 21's presentation prevents this Court from considering *Northview Motors'* applicability to this case. *Northview Motors* is now the law of this circuit, and I would be remiss to pretend it did not exist for mere technical reasons. Regardless, if the issue were not addressed at this stage, it likely would be addressed at a later stage, and therefore I see no harm—rather, a great utility—in turning to the issue today.